UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                    Case No. 08-15254
                                                          Hon. Gerald E. Rosen
COLLINS & AIKMAN CORPORATION,
*et al.*,
                                                          Bankruptcy Case No. 05-55927
        Debtors.                                          Chapter 11
_____/                           Hon. Steven Rhodes

COLLINS & AIKMAN LITIGATION TRUST,

        Movant,

v.

DANIEL DETKOWSKI,

        Claimant.
_____/

ORDER ABSTAINING IN FAVOR OF
PENDING STATE COURT PERSONAL INJURY SUIT

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on          May 26, 2009

        PRESENT:   Honorable Gerald E. Rosen
                   Chief Judge, United States District Court

In September of 2007, Claimant Daniel Detkowski commenced a state court suit against Debtor Collins & Aikman Corporation and three other defendants, asserting state-law claims of negligence, breach of express and implied warranties of fitness, and premises liability arising from injuries he suffered while servicing a trash compactor

located on Debtor's premises. While this case has gone forward against one or more of the other defendants, the claims against Debtor were stayed under 11 U.S.C. § 362 and under the terms of a plan of reorganization confirmed by the Bankruptcy Court.[1] By stipulated order dated November 7, 2008, the Bankruptcy Court has referred the matter to this Court for a determination whether Claimant may proceed with his claims against Debtor in the pending state court action, or whether these claims — or, more accurately, Claimant's corresponding bankruptcy claim — should be tried in this Court. For the reasons set forth briefly below, the Court finds that it should abstain in favor of the pending state court proceeding.

The parties agree that the question before this Court is governed by 28 U.S.C. § 157(b)(5), as this provision has been interpreted by the Sixth Circuit Court of Appeals. It provides:

> The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

28 U.S.C. § 157(b)(5).[2] The inquiry seemingly called for under this statute is

---

[1] Upon learning that Debtor had filed for bankruptcy protection, Claimant filed a claim with the Bankruptcy Court in January of 2008. The Collins & Aikman Litigation Trust, as successor to Debtor Collins & Aikman Corporation and its debtor subsidiaries, objected to this and other claims as untimely filed, but the Bankruptcy Court overruled this objection as to the claim filed by Mr. Detkowski. (For convenience, although the Litigation Trust is the moving party as to the matter presently before the Court, the Court will refer to both Collins & Aikman and the Litigation Trust as the "Debtor" throughout the remainder of this order.)

[2] Local Rule 83.50(e)(1)(D) of this District operates in tandem with this statute, providing that "[t]he bankruptcy clerk will submit the necessary papers to the district clerk when . . . a

straightforward:  this Court may order either (i) that Claimant's personal injury claim be tried here, or (ii) that it be tried "in the district court in the district in which the claim arose."[3]  Yet, the Sixth Circuit has explained that § 157(b)(5) cannot be "read in isolation," but instead must be construed against the backdrop of "a number of conflicting provisions" that apply to bankruptcy proceedings.  *Citibank, N.A. v. White Motor Corp. (In re White Motor Credit),* 761 F.2d 270, 271 (6th Cir. 1985).  Of particular relevance here, before undertaking the inquiry called for under § 157(b)(5), a district court first must decide whether to exercise its power to abstain — *i.e.,* "whether it should leave the cases with respect to which claims have been filed in the bankruptcy court in the courts in which they are pending."  *White Motor Credit,* 761 F.2d at 273; *see also Coker v. Pan American World Airways, Inc. (In re Pan American Corp.),* 950 F.2d 839, 844 (2d Cir. 1991) ("Despite the apparently mandatory 'shall order', section 157(b)(5) has consistently been construed to recognize discretion in district courts to leave personal injury cases where they are pending.").

In this case, then, § 157(b)(5) does not operate as an unyielding command that Claimant's personal injury claim must be tried in this Court, but instead allows for the possibility of abstention in favor of Claimant's pending state court suit.  This abstention inquiry, in turn, is governed by 28 U.S.C. § 1334(c)(1), which permits a district court to

---

bankruptcy judge determines that a case or proceeding is one in which a personal injury tort or wrongful death claim is to be tried in a district court under 28 U.S.C. § 157(b)(5)."

[3]In this case, there would be no decision to make, since Claimant's personal injury claims arose in Shiawassee County, which lies within this District.

"abstain[] from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11" if such abstention would be "in the interest of justice, or in the interest of comity with State courts or respect for State law."  In *White Motor Credit,* 761 F.2d at 273-84, the Sixth Circuit cited a number of factors that are relevant to this abstention inquiry, including (i) whether the district court's exercise of jurisdiction will result in piecemeal litigation, with the pending personal injury suit going forward as to other non-debtor parties "who cannot be transferred out of the jurisdiction they are now in," (ii) whether issues of state law are predominant, and (iii) considerations of judicial economy.  Other courts have considered such additional factors as the effect of abstention on the efficient administration of the bankruptcy estate, and the degree of relatedness of the personal injury suit to the bankruptcy case.  *See, e.g., Mann v. Waste Management of Ohio, Inc.,* 253 B.R. 211, 214 (N.D. Ohio 2000).

      The circumstances here are materially indistinguishable from those addressed in *White Motor Credit,* and warrant the same outcome — namely, abstention in favor of the pending state court proceeding.  In this case, as in *White Motor Credit,* the state court personal injury action includes claims against non-debtor defendants that could not be transferred to this Court along with the claims against Debtor Collins & Aikman.  In the absence of abstention, then, Claimant's personal injury suit "will have to be tried twice in different courts," and this provides a "strong reason" for permitting all of the claims to be litigated in a single state court forum.  *White Motor Credit,* 761 F.2d at 274.  In addition, "state issues clearly predominate" in Claimant's personal injury action, *White Motor*

4

*Credit,* 761 F.2d at 274 — indeed, it does not appear that federal law will play any role whatsoever in the resolution of the purely state-law tort claims asserted against Debtor and the other defendants.  Finally, abstention will serve the interests of judicial economy, where the state court suit against the non-debtor defendants evidently has progressed through the pre-trial phase and is now ready for trial, and where there is no reason to believe that the claims against Debtor could not be tried in a similarly expeditious manner.

Against all of these considerations, Debtor asserts only that transfer of Claimant's personal injury claim to this Court will better support the efficient and fair administration of the bankruptcy estate, in two respects.  First, Debtor cites the increased burden and expense of having to litigate in the Shiawassee County Circuit Court, which is located roughly 90 miles away from the offices of Debtor's counsel and of Debtors' sole remaining employee.  Yet, the location of the respective state and federal courthouses is not particularly relevant to the pretrial, discovery phase of the case, with the activities in this phase being driven largely by the location of witnesses.[4]  Moreover, Shiawassee County is a part of this District, and it cannot be said that travel within this District is so burdensome as to overcome the above-cited factors that favor abstention.

Finally, Debtor contends that litigation of Claimant's personal injury claim in the state court, with its attendant increased expense, will elevate Claimant to preferred status

---

[4]In his submission to this Court, Claimant states without contradiction that many of these witnesses reside in Shiawassee County.

over his fellow general unsecured creditors and give him greater leverage that he can exploit to "obtain[] a larger liquidated value on the Claim than [he] would otherwise be entitled to." (Debtor's Suppl. Br. at 5.) This argument, however, rests upon the questionable premise that this Court will impose a highly restrictive and inexpensive discovery plan upon the parties, while the state court will give Claimant free reign to conduct far broader discovery. Yet, if this Court were to exercise jurisdiction over the personal injury claim against Debtor, Claimant surely would be entitled to pursue a reasonable course of discovery, and there is no particular reason to believe that the state court will permit a significantly more expansive and costly discovery effort.[5] More generally, to the extent that Debtor complains of Claimant's ability to use the threat of litigation to his benefit, this Court fails to see how the choice of a state or federal forum significantly affects this calculus. The brute fact is that Claimant still retains the opportunity to litigate his personal injury claim against Debtor, and this fact, more than the litigation forum, is the principal source of any advantage he might enjoy over other general unsecured creditors. Thus, the Court cannot say that its decision to abstain will have any significant negative impact upon the administration of the bankruptcy estate.

Accordingly,

NOW, THEREFORE, IT IS HEREBY ORDERED that the request of the movant

---

[5]Indeed, because the claims against the non-debtor defendants apparently are ready for trial, the state court seems likely to exert some pressure on Claimant to proceed expeditiously through discovery so that all of his claims can be tried at the same time and in the reasonably near future.

Collins & Aikman Litigation Trust that the personal injury claim of Claimant Daniel Detkowski be tried by this Court under 28 U.S.C. § 157(b)(5) is DENIED. Instead, for the reasons set forth above, the Court ABSTAINS from the exercise of jurisdiction over this claim, and Claimant shall be permitted to proceed with the litigation of this claim in the personal injury suit now pending before the Shiawassee County Circuit Court.

SO ORDERED.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: May 26, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 26, 2009, by electronic and/or ordinary mail.

s/Ruth Brissaud
Case Manager